```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
ANTHONY CARPENTER,                                                      :
                                                                        :
                                                                        :
                                       Plaintiff,                       :   10 Civ. 8087 (PAE)
                                                                        :
                          -v-                                           :   OPINION & ORDER
                                                                        :
DEPARTMENT OF CORRECTION et al.,                                        :
                                                                        :
                                       Defendants.                      :
                                                                        :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

The Court has received a number of submissions from the *pro se* plaintiff, proceeding *in forma pauperis* in this matter, as well as corresponding responses from defendants' counsel. These documents include (1) a "draft" amended complaint, dated March 19, 2012, as well as defendants' response, dated April 2, 2012; (2) an actual amended complaint, dated April 4, 2012, which the Court construes as an application to amend; (3) two requests to appoint pro bono counsel, dated April 4, 2012 and April 16, 2012; and (4) a motion for summary judgment, occasioning a responsive letter from defendants' counsel, dated April 24, 2012.

For the following reasons, Carpenter's application to amend his complaint is granted but the Court dismisses, *sua sponte*, the majority of his claims pursuant to 28 U.S.C. § 1915(e)(2); Carpenter's applications to appoint counsel are denied without prejudice at this stage in the proceeding; and the motion for summary judgment is denied without prejudice as premature.

**I.    Background**

In 2010, Carpenter initiated this action pursuant to 42 U.S.C. § 1983, claiming that a defendant Correction Officer Berkeley used excessive force against him in violation of the

[1]

Eighth and Fourteenth Amendments.  Although defendant Berkeley was served with process in February 2011, no counsel for defendant appeared.  Carpenter did not move for a default judgment.  In early 2012, defense counsel made an appearance.  By Order dated March 13, 2012, the Court *sua sponte* dismissed the New York City Department of Correction ("DOC") from this action because it is not a suable entity in § 1983 cases.

On March 20, 2012, defendant Berkeley answered Carpenter's complaint.  By letter dated March 19, 2012, but which did not arrive until after defendant's answer was filed, Carpenter submitted a "draft" amended complaint, to which defendants' counsel responded by letter dated April 2, 2012.  On April 4, 2012, the Court received an amended complaint without the "draft" label.  The Court construes that submission as a motion to amend the complaint.  That submission was received within 21 days of defendant's answer.

The putative amended complaint seeks to reinstate the DOC as a defendant, and add a John Doe inmate grievance officer, a John or Jane Doe Warden, and a Jane Doe hearing officer.  Carpenter alleges that the DOC and Warden hired incompetent and improperly trained personnel.  Am. Compl. 6.  Carpenter further alleges that the John Doe inmate grievance officer did not allow him to submit a grievance on a matter which, Carpenter claims, is clearly "grievable."  *Id.*  Carpenter also states that the Jane Doe hearing officer did not view certain evidence at an inmate misbehavior hearing, despite Carpenter's having presented her with that evidence.  *Id.*

Defendants' counsel argues that these new additions fail to state a claim on which relief may be granted, and therefore that the Court should, *sua sponte*, dismiss them pursuant to 28 U.S.C. § 1915(e)(2).  The Court substantially agrees.  However, as to the certain portions of the amended complaint, which the Court determines do state a claim for relief, the amendment will

[2]

y

be permitted because it was sought within 21 days of the defendant's answer.  *See* Fed. R. Civ. P. 12(a)(1)(B).

## II. Discussion

### A. Carpenter's application to amend his complaint

#### 1. Applicable Legal Standard

Under 28 U.S.C. § 1915 (e)(2)(B)(ii), a district court may dismiss any part of an *in forma pauperis* action where it is satisfied that the action "fails to state a claim on which relief may be granted."  Although courts must construe a *pro se* litigant's pleadings liberally and interpret them to raise "the strongest arguments they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006), a complaint must plead enough facts to state a claim to relief that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  A complaint is similarly insufficient "if it tenders 'naked assertion[s]' devoid of further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Here, the vast majority of the claims Carpenter seeks to add fail to state a claim.

#### 2. Carpenter's claim of negligent hiring and failure to train against the Warden

Carpenter claims that the John Doe/Jane Doe Warden is liable for "hiring of incompetent and not properly trained personnel."  Am. Comp. 6.  The "personal involvement of defendants in alleged constitutional deprivations is a prerequisite" to recovery under § 1983.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

[3]

However, "the mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability for failure to supervise under § 1983." *Styles v. Goord*, 431 F. App'x 31, 33 (2d Cir. 2011) (summ. order); *see also Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) ("mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim."). Carpenter has not pled any facts, beyond the mere position of the warden in the chain to command, suggesting that this defendant's actions contributed in any way to the alleged incident with defendant Berkeley. As such, this claim for relief is dismissed because it is not "plausible on its face." *Twombly*, 550 U.S. at 570.

### 3. Carpenter's claim that a grievance officer did not allow him to file a grievance

Carpenter also claims that an unidentified grievance officer "did not allow Plaintiff to grieve a clear grievable issue." Am. Compl. 6. However, "the failure to process a grievance does not rise to the level of a constitutional violation." *Edwards v. Horn*, No. 10-cv-6194, 2012 U.S. Dist. LEXIS 18424, at *41 (S.D.N.Y. Feb. 14, 2012) (citing *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("inmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable 1983 claim")); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) ("Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment."). As such, "[c]ourts regularly dismiss claims brought to remedy alleged violations of inmate grievance procedures." *Edwards*, 2012 U.S. Dist. LEXIS 18424, at *42. Carpenter's allegation that a grievance officer did not permit him to file a grievance on a particular topic thus does not state a claim upon which relief may be granted.

### 4. Carpenter's claim that a hearing officer failed to review certain evidence

Carpenter further alleges that he was denied due process by a Jane Doe hearing officer because, during an inmate misbehavior hearing, Carpenter presented her with exculpatory evidence which she allegedly did not review. "To comport with procedural due process requirements, an inmate charged with a violation in a disciplinary hearing need only be afforded: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his [or her] defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Vogelfang v. Capra*, No. 10-cv-3827, 2012 U.S. Dist. LEXIS 33874, at *48 (S.D.N.Y. Mar. 13, 2012) (citing *Williams v. Menifee*, 331 F. App'x 59, 60 (2d Cir. 2009) (summ. order) (internal quotation marks omitted); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). Thus, a hearing officer's denial of a prisoner's attempt to introduce exculpatory evidence may state a due process claim.

Carpenter's submission claims that the "[h]earing officer did not view Plaintiff [sic] evidence during misbehavior hearing which was at her disposal, unduly causing Plaintiff to receive a guilty verdict at hearing and subjecting Plaintiff to Segregated Housing (SHU). Evidence would have vindicated Plaintiff." Am. Compl. 6. Defendants appear to concede that the hearing officer excluded the evidence Carpenter describes, as opposed to admitting it but not according it substantial weight. Defendants are correct that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at

[5]

566. However, whether the exclusion of evidence in this case was justified on these grounds cannot be determined on the fact of the amended complaint. *See Vogelfang*, 2012 U.S. Dist. LEXIS 33874, at *50–51 (declining, on a motion to dismiss, to excise plaintiff's claim that hearing officer had violated *Wolff* protections based on an argument that the case fell into a fact-dependent exception to the *Wolff* rule). Accordingly, the Court finds that Carpenter has pled sufficient facts to meet the requirements of § 1915(e)(2) and, because Carpenter sought to add this claim within 21 days of defendant's answer, the Court will permit its addition.

### 5.   Carpenter's claim of municipal liability

Carpenter also argues that DOC is liable for having hired incompetent officers and not having properly trained officers. Am. Comp. 6. However, as noted in the Court's March 13, 2012 Order, DOC is not a suable entity for § 1983 claims. *See Terry v. New York City Dep't of Corr.*, No. 10-cv-6197, 2012 U.S. Dist. LEXIS 29744, at *3–4 (S.D.N.Y. Mar. 1, 2012); *Renelique v. Doe*, No. 99-cv-10425, 2002 U.S. Dist. LEXIS 26980, at *9 (S.D.N.Y. Mar. 6, 2002) ("the overwhelming body of authority holds that DOC is not a suable entity.") (collecting cases). To the extent the Court construes the *pro se* plaintiff to assert claims against the City, Carpenter must allege "(1) the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection—an 'affirmative link'—between the policy and the deprivation of his constitutional rights." *Harper v. City of New York*, 424 F. App'x 36, 38 (2d Cir. 2011) (summ. order) (citing *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)); *see also Carpinone v. City of New York*, No. 11-cv-2074, 2012 U.S. Dist. LEXIS 32115, at *5 (S.D.N.Y. Mar. 8, 2012). However, "[b]oilerplate assertions that a municipality has a custom or policy resulting in a constitutional deprivation . . . are insufficient." *Bohmer v. New York*, No. 06-cv-11370, 2011 U.S. Dist. LEXIS 67767

(S.D.N.Y. June 16, 2011) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993), *overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)).

Here, Carpenter simply alleges that DOC (or the City) is liable for "hiring incompetent and not properly trained personnel, with the policy or custom used by personnel, implimented [sic] by City of New York." Am. Compl. 6. Such a "boilerplate" statement does not state a claim for relief that is plausible on its face. Moreover, "it is well established that a single incident does not give rise to an unlawful practice by subordinate officials so permanent and well-settled as to constitute custom or usage." *Plair v. City of New York*, 789 F. Supp. 2d 459, 470 (S.D.N.Y. 2011) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Here, Carpenter has alleged the existence of a policy or custom based, solely, on his single negative interaction with C.O. Berkeley. For this reason, too, he fails to state a claim for relief, warranting dismissal under 28 U.S.C. § 1915(e)(2).

### B. Carpenter's application for pro bono counsel

Carpenter has also sought the Court's assistance in obtaining pro bono counsel. In order to qualify for appointment of pro bono counsel, the plaintiff must first demonstrate that his claim has substance or a likelihood of success. *See Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010); *Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). If an applicant meets this threshold standard, the Court must then consider:

> The merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel

*Johnston*, 606 F.3d at 42; *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). The Court must also remain mindful throughout the inquiry that volunteer

attorney time is a precious commodity, and Court should therefore not grant the appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

Here, although the Court has determined that at least one of Carpenter's claims is not facially meritless, the appointment of pro bono counsel is not warranted at this stage of the case. The Court does not deem this action to be one in which the plaintiff's ability to gather facts will be significantly hampered by the absence of counsel, as the alleged facts are relatively straightforward and should not occasion unusually burdensome discovery. Moreover, the topics and subjects of discovery appear likely to be creatures of prison life—prisoner/guard relations, grievance procedures, and the like—with which the *pro se* plaintiff may be more familiar than an outside lawyer. As such, the Court denies Carpenter's two applications for counsel without prejudice to renewal when the evidentiary record is more fully developed.

### C. Carpenter's motion for summary judgment

The Clerk of Court has also docketed a document construed as a motion for summary judgment. *See* Dkt. 17. Such a motion is premature, as discovery has not been either begun or completed, and that motion is denied without prejudice to renewal after discovery.

### D. Carpenter's concerns regarding a "motion to dismiss" by the defendants

Carpenter's submissions requested pro bono counsel, in part, on the basis that Carpenter needed assistance to respond to defendants' motion to dismiss. The defendants have opposed Carpenter's request to amend the complaint, but they have not filed a motion to dismiss the entire case. Carpenter does not presently need to respond to a motion to dismiss, because none has been filed.

## CONCLUSION

For the foregoing reasons, the Court will accept Carpenter's amended complaint for docketing but dismisses, *sua sponte* and pursuant to 28 U.S.C. § 1915(e)(2), all of that complaint except (1) his claim of excessive force against defendant Berkeley, which defendants have not yet challenged; and (2) his due process claim based on the Jane Doe hearing officer's alleged exclusion of exculpatory evidence at an inmate misbehavior hearing. Carpenter's two applications for the appointment of pro bono counsel are denied without prejudice.

The Clerk of Court is directed to terminate the motions at docket numbers 13, 15, and 17. The Court has set a conference in this matter for June 13, 2012 at 11:00 am, to set a schedule with regard to discovery and potential motions, and will enter a separate order for that purpose.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: May 8, 2012
       New York, New York